UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTWOOD, INCORPORATED and WILDERNESS WATCH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FELIPE CANO, Forest Supervisor of the Shawnee National Forest, and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendants. | Case No. 3:25-cv-01850-NJR <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Felipe Cano, in his official capacity as Forest Supervisor of the Shawnee National Forest, and the U.S. Forest Service, by and through their undersigned counsel, hereby submit their Answer to the allegations contained in Plaintiffs' Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

1. Defendants admit that on January 21, 2025, the Forest Service issued a Decision Memo authorizing a project within the Lusk Creek Wilderness in the Shawnee National Forest (Project). The remaining allegations of this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents, or they constitute Plaintiffs' characterization of this case to which no response is required.

2. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

3. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

4. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

5. The allegations in the first clause of this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in this paragraph.

6. Defendants admit that a Categorical Exclusion (CE) applies to the challenged decision. Defendants deny the remaining allegations in this paragraph.

7. Defendants deny the allegations in the first sentence of this paragraph. The allegations in the first half of the second sentence of this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in the second sentence of this paragraph.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. Defendants deny the allegations in the second sentence of this paragraph.

9. The allegations in this paragraph constitute Plaintiffs' characterization of their requested relief to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph and deny that Plaintiffs are entitled to any relief whatsoever.

10. Defendants deny the allegations in this paragraph.

## "JURISDICTION AND VENUE"[1]

---

[1] The headings here correspond to the headings in the Complaint. Defendants include them to provide convenient reference to the Complaint and do not intend them to form any substantive part of Defendants' Answer. To the extent the Complaint headings make substantive allegations, Defendants deny those allegations.

2 – *Defendants' Answer to Plaintiffs' Complaint*

11. The allegations in this paragraph constitute a legal conclusion to which no response is required.

12. The allegations in this paragraph constitute a legal conclusion to which no response is required.

13. The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

14. The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that a federal agency issued the challenged decision regarding public lands within this District and deny the remaining allegations in this paragraph.

## "PARTIES"

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

19. Defendants admit the allegations in this paragraph.

20. Defendants admit the allegations in this paragraph.

## "FACTUAL ALLEGATIONS"

**"The Lusk Creek Wilderness"**

3 – *Defendants' Answer to Plaintiffs' Complaint*

21. Defendants admit that Congress designated Lusk Creek Wilderness under the Illinois Wilderness Act of 1990. The remaining allegations in this paragraph purport to characterize the Illinois Wilderness Act of 1990, which speaks for itself and is the best evidence of its contents.

22. Defendants admit that the Lusk Creek Wilderness is the largest designated wilderness area in Illinois. Defendants deny the remaining allegations in this paragraph.

23. Defendants deny the allegations in this paragraph because the terms "known for," "deep," "hidden," "remote," "rare," and "minimal" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation.

24. Defendants admit the allegations in this paragraph and aver that the Forest Service also administers the Lusk Creek Wilderness pursuant to other applicable laws, including the National Forest Management Act and the Alaska National Interest Lands Conservation Act (ANILCA).

25. Defendants admit the allegations in this paragraph that the Forest Plan applies to the Forest Service's management of the Lusk Creek Wilderness. The remaining allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its contents.

**"The Private Parcels"**

26. The allegations in this paragraph purport to characterize the Decision, which speaks for itself and is the best evidence of its contents.

27. Defendants admit that one of the parcels at issue is approximately 87 acres in size but deny the remaining allegations in the first sentence of this paragraph and aver that the 87-

acre parcel is surrounded by National Forest land on all four sides, three of the sides by Wilderness and the east side by non-Wilderness National Forest. Defendants admit the allegations in the second sentence of this paragraph and aver that the 87-acre parcel was privately owned by multiple landowners prior to Wilderness designation.

28. Defendants deny the allegations in this paragraph and aver that the 87-acre parcel is surrounded by Wilderness on three sides and that the eastern non-wilderness side does not provide an accessible route to the 87-acre parcel.

29. Defendants admit the allegations in this paragraph.

**"The Proposed Project"**

*"Minimum Requirements Analysis Framework"*

30. Defendants admit that the Forest Service prepared a Minimum Requirements Analysis Framework (MRAF) for the Project and aver that the Regional Forester approved the MRAF on September 19, 2024. The remaining allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

31. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

32. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

33. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

34. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

35. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

36. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

37. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

38. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

39. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

40. Defendants admit the allegations in this paragraph.

*"Request for Project Input"*

41. Defendants admit the allegations in this paragraph.

42. The allegations in this paragraph purport to characterize the Forest Service's Request for Project Input, which speaks for itself and is the best evidence of its contents.

43. The allegations in this paragraph purport to characterize the Forest Service's Request for Project Input, which speaks for itself and is the best evidence of its contents.

44. The allegations in this paragraph purport to characterize the Forest Service's Request for Project Input, which speaks for itself and is the best evidence of its contents.

*"Scoping Notice"*

45. Defendants admit the allegations in this paragraph.

46. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

47. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

48. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

49. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

51. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

52. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

53. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

54. The allegations in this paragraph purport to characterize the Forest Service's Scoping Notice, which speaks for itself and is the best evidence of its contents.

*"Decision Memo"*

55. Defendants admit the allegations in this paragraph.

56. The allegations in the first sentence of this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

57. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

58. The allegations in this paragraph purport to characterize the Decision Memo, Scoping Notice, and MRAF, which speak for themselves and are the best evidence of their contents.

59. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

60. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

61. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

62. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

63. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents.

64. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

65. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

66. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

67. The allegations in this paragraph purport to characterize the Decision Memo, which speaks for itself and is the best evidence of its contents.

68. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents.

69. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents.

70. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents.

*"Rejection of Non-Wilderness Alternatives"*

71. Defendants deny the allegations in this paragraph.

72. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents.

73. The allegations in this paragraph purport to characterize the Decision Memo, MRAF, or other record documents, which speak for themselves and are the best evidence of their contents.

74. The allegations in this paragraph purport to characterize the MRAF, which speaks for itself and is the best evidence of its contents.

**"Public Participation in the Administrative Process"**

75. Defendants admit that the Forest Service approved the Project under a CE. Defendants deny the remaining allegations in this paragraph and aver that the Forest Service solicited and considered comments.

76. Defendants admit that Plaintiffs submitted comments on the Scoping Notice. The remaining allegations in this paragraph purport to characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents.

77. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because the term "formal" is vague and ambiguous and therefore Defendants deny them.

78. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

## "CLAIMS FOR RELIEF"

### "First Claim for Relief"
### "Violation of the Wilderness Act"
"(16 U.S.C. §§ 1131-1136; reviewable under the APA, 5 U.S.C. §§ 701-706)"

79. Defendants incorporate all preceding paragraphs herein.

80. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

81. The allegations in this paragraph purport to characterize the Illinois Wilderness Act, which speaks for itself and is the best evidence of its contents.

82. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

83. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

84. The allegations in this paragraph purport to characterize the Wilderness Act, which speaks for itself and is the best evidence of its contents.

85. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

87. Defendants admit that Project implementation requires maintenance of a historic route, including clearing up to 12 feet to allow minimal width for vehicle access, ditch and culvert installation, aggregate surfacing, blading, and reshaping. Defendants deny the remaining allegations in this paragraph.

88. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

89. Defendants deny the allegations in this paragraph.

90. The allegations in the first sentence of this paragraph constitute legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the record, which speaks for itself and is the best evidence of its contents.

91. Defendants deny the allegations in this paragraph.

92. Defendants deny the allegations in this paragraph.

93. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

94. Defendants deny the allegations in this paragraph.

95. Defendants deny the allegations in this paragraph.

96. The allegations in this paragraph purport to characterize 16 U.S.C. § 3210(a) and implementing regulations, which speak for themselves and are the best evidence of their contents.

97. Defendants deny the allegations in this paragraph.

**"Second Claim for Relief"**
**"Violation of ANILCA and Forest Service Access Regulations"**
"(16 U.S.C. § 3210(a); 36 C.F.R. pt. 251, subpt. D; reviewable under APA, 5 U.S.C. §§ 701-706)"

98. Defendants incorporate all preceding paragraphs herein.

99. The allegations in the first and second sentences of this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the third sentence of this paragraph.

100. The allegations in this paragraph purport to characterize 16 U.S.C. § 3210(a), which speaks for itself and is the best evidence of its contents.

101. The allegations in this paragraph purport to characterize the Decision Memo and MRAF, which speak for themselves and are the best evidence of their contents. The allegations in this paragraph further constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

102. The allegations in this paragraph purport to characterize MRAF, 16 U.S.C. § 3210(a), and implementing regulations, which speak for themselves and are the best evidence of their contents.

103. The allegations in this paragraph purport to characterize the MRAF and "record evidence," which speak for themselves and are the best evidence of their content.

104. Defendants deny the allegations in this paragraph.

105. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

**"Third Claim for Relief"**
**"Violation of the National Environmental Policy Act"**

"(42 U.S.C. §§ 4321 et seq.; reviewable under the APA, 5 U.S.C. §§ 701-706)"

107.	Defendants incorporate all preceding paragraphs herein.

108.	The allegations in this paragraph purport to characterize the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its contents.

109.	The allegations in this paragraph purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.

110.	The allegations in this paragraph purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.

111.	The allegations in this paragraph purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.

112.	Defendants admit that the Forest Service relied on a CE and did not prepare an Environmental Assessment (EA) or Environmental Impact Statement (EIS) for the Project. Defendants deny the remaining allegations in the first and second sentences of this paragraph. The allegations in the third sentence constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of this paragraph.

113.	Defendants admit that Project implementation will require drainage structures to prevent erosion and runoff but deny the remaining allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

114.	Defendants deny the allegations in this paragraph.

115.	The allegations in this paragraph purport to characterize the Forest Service's regulations, which speak for themselves and are the best evidence of their contents.

116. Defendants deny the allegations in this paragraph.

117. Defendants deny the allegations in this paragraph.

118. Defendants admit that the Forest Service did not prepare an EA or EIS for the Project but deny the remaining allegations in this paragraph.

119. Defendants deny the allegations in this paragraph.

120. Defendants deny the allegations in this paragraph.

**"Fourth Claim for Relief"**
**"Violation of the National Forest Management Act"**
"(16 U.S.C. § 1604(i); 35 C.F.R. § 219.15; reviewable under the APA, 5 U.S.C. §§ 701-706)"

121. Defendants incorporate all preceding paragraphs herein.

122. The allegations in this paragraph purport to characterize the National Forest Management Act (NFMA), which speaks for itself and is the best evidence of its contents.

123. The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its contents.

124. The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its contents.

125. The allegations in this paragraph purport to characterize the Forest Plan, a Supreme Court case, and Forest Service regulations, which speak for themselves and are the best evidence of their contents.

126. The allegations in this paragraph purport to characterize the Decision Memo, Scoping Notice, and MRAF, which speak for themselves and are the best evidence of their contents.

127. Defendants deny the allegations in this paragraph.

128. Defendants deny the allegations in this paragraph.

129. Defendants deny the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph.

131. Defendants deny the allegations in this paragraph.

132. Defendants deny the allegations in this paragraph.

## RESPONSE TO REQUEST FOR RELIEF

The allegations set forth in paragraphs 1 through 8 under the heading "REQUEST FOR RELIEF" constitute Plaintiffs' characterization of their requested relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek or to any relief whatsoever.

## GENERAL DENIAL

Defendants hereby deny each and every allegation in the Complaint that is not specifically admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses to the claims made in Plaintiffs' Complaint:

1. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing as to some or all of their claims.

3. Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 15th day of December 2025.

>ADAM GUSTAFSON
>Principal Deputy Assistant Attorney General
>U.S. Department of Justice
>Environment & Natural Resources Division
>
> */s/ Krystal-Rose Perez*
>KRYSTAL-ROSE PEREZ
>Trial Attorney
>Natural Resources Section
>150 M Street NE
>Washington, DC 20002
>202-532-3266
>krystal-rose.perez@usdoj.gov
>
>*Attorney for Defendants*