IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTWOOD, INC. and<br>WILDERNESS WATCH, INC.,<br><br>                Plaintiffs,<br><br>v.<br><br>FELIPE CANO and<br>UNITED STATES FOREST SERVICE,<br><br>                Defendants. | Case No. 3:25-CV-1850-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiffs Heartwood, Inc. and Wilderness Watch, Inc. filed their complaint (Doc. 1) on September 30, 2025. Defendants Felipe Cano, Forest Supervisor of the Shawnee National Forest, and United States Forest Service filed their answer to the complaint (Doc. 14) on December 15, 2025.

Normally, after the first appearance of a defendant, a presumptive trial date is scheduled along one of the tracks outlined Local Rule 16.1(a). SDIL-LR 16.1(a). However, because this action is brought under the Administrative Procedure Act (APA) (Doc. 1, ¶¶ 79–132), "there will never be a trial because the district court's function is merely to review the record compiled in an administrative proceeding." *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 443–46 (7th Cir. 1990) ("When persons harmed by administrative action bring a suit for injunction in a federal court, it is not because they want, or are entitled to, a trial. . . . In such a suit the district court is a reviewing court . . . it does not take evidence." (citations omitted)); *see also Camps v. Pitts*, 411 U.S. 138, 142 (1973) (explaining that in APA review cases, "the focal

point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). As such, the ordinary schedules for discovery and presumptive trial dates outlined in the Local Rules are not the best fit for these proceedings.

Because this Court's ultimate decision will be, outside of "emergenc[ies]," based solely upon the administrative record instead of any evidence proffered in an evidentiary hearing, *Cronin*, 919 F.2d at 444, the Court sets the following schedule:

1. **On or before January 30, 2026**, Defendants shall file the full administrative record and any appropriate motions to dismiss.

2. **Within 30 days** after the filing of the record, or **within 30 days** after entry of an order disposing of the last remaining motion to dismiss, Plaintiffs shall file a merits brief stating with particularity why the actions of the Defendants were unlawful within the meaning of the APA, 5 U.S.C. § 706(2).

3. Defendants shall then have **30 days** to respond to Plaintiffs' merits brief.

4. Plaintiffs may file a reply brief, not to exceed five pages in length, **within 14 days** after the filing of Defendants' response brief.

If any party needs more time for a given filing than is allotted above, they may move for an extension of the appropriate deadline(s).

**IT IS SO ORDERED.**

DATED:   December 16, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**